*MHN*

RECEIVED
1-31-2008
JAN 31 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

John D Nelson
9110 S Paxton Avenue
Chicago, IL 60617
(Name of the plaintiff or plaintiffs)

v.

Comcast (Telecommunications Corporation)
2001 York Rd
Oak Brook IL 60523
(Name of the defendant or defendants)

CIVIL ACTION

08CV697
JUDGE COAR
MAGISTRATE JUDGE NOLAN

### COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is __a citizen__ of the county of __Cook__ in the state of __Illinois__.

3. The defendant is __an employer__ Comcast Corporation is a provider/business commercial telecommunications, whose street address is __2001 York Rd__
(city) __Oak Brook__ (county) __DuPage__ (state) __IL__ (ZIP) __60523__
(Defendant's telephone number) (630) - __288.1000__

4. The plaintiff sought employment or was employed by the defendant at (street address)
__2001 York Rd__ (city) __Oak Brook__
(county) __DuPage__ (state) __IL__ (ZIP code) __60523__

5. The plaintiff [check one box]

   (a) ☐ was denied employment by the defendant.

   (b) ☐ was hired and is still employed by the defendant.

   (c) ☑ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) June, (day)_____, (year) 2007.

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

    (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☐ has not ☑ has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

    (i) ☑ the United States Equal Employment Opportunity Commission, on or about (month) October (day) 29 (year) 2007.

    (ii) ☐ the Illinois Department of Human Rights, on or about (month)_____ (day)_____ (year)_____.

(b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☑ YES.   ☐ NO, but plaintiff will file a copy of the charge within 14 days.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and
    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

        ☐ Yes (month)_____ (day)_____ (year)_____
        ☐ No, did not file Complaint of Employment Discrimination

    2. The plaintiff received a Final Agency Decision on (month)_____ (day)_____ (year)_____.

    c. Attached is a copy of the

        a. Complaint of Employment Discrimination,
        ☐ YES   ☐ NO, but a copy will be filed within 14 days.

        (ii) Final Agency Decision

        ☐ YES   ☐ NO, but a copy will be filed within 14 days.

8.  *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

    (a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

    (b) ☑ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) November (day) _____ (year) 2007 a copy of which *Notice* is attached to this complaint.

9.  The defendant discriminated against the plaintiff because of the plaintiff's *[check only those that apply]*:

    (a) ☐ Age (Age Discrimination Employment Act).
    (b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
    (c) ☑ Disability (Americans with Disabilities Act or Rehabilitation Act)
    (d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
    (e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
    (f) ☐ Religion (Title VII of the Civil Rights Act of 1964)
    (g) ☑ Sex (Title VII of the Civil Rights Act of 1964) (gender)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant *[check only those that apply]*

    (a) ☐ failed to hire the plaintiff.
    (b) ☑ terminated the plaintiff's employment.
    (c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☑ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☐ failed to stop harassment;

(g) ☑ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☑ other (specify): _See 'LETTER TO EEOC, et al', p. 1-4 per John D Nelson's account._

13. The facts supporting the plaintiff's claim of discrimination are as follows: _See 'LETTER TO EEOC, et al', p. 1-4 per John D. Nelson's account._

14. [AGE DISCRIMINATION ONLY] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☐ YES  ☐ NO   _only if compensatory award is compromised or denied._

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [check only those that apply]

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☐ Direct the defendant to re-employ the plaintiff.

(c) ☐ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☑ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) [✓]   Direct the defendant to (specify): _reasonably accommodate the plaintiff's rights compromised by said employer (Comcast) and seek restitution (health benefits and compensatory award. No rehiring needed by a Comcast corporation who medically and emotionally compromised the plaintiff (John D Nelson). Also see 'Restitution' page 4 under Plaintiff's 'LETTER TO EEOC, et al' and Plaintiff's attorney's contribution to this case._

(g) [✓]   If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) [✓]   Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

_John D Nelson_

(Plaintiff's name)

_John D. Nelson_

(Plaintiff's street address)

_9110 South Paxton Avenue_

(City) _Chicago_    (State) _IL_    (ZIP) _60617_

(Plaintiff's telephone number) (_773_) - _723.6486_

Date: _01-30-2008_

BRIEF STATEMENT OF CAUSE OF ACTION

Charge no. 1:

I contend, either in a state or federal government(al) venue(s), that my termination was based upon Comcast management (Human Resources and 2 direct supervisors) suppressed Workers Compensation info that would have allowed me to seek health coverage redress from a medical incident taken place approximately between 06/02/2007 and 06/22/2007.

Charge no. 2: I saw no federal information or up-to-date state information regarding Workers Compensation coverage and Comcast's exposure and responsibility for coverage while on the job. On Saturday 06/02/2007 I arrived at Comcast late and left early due to an unprecedented health condition (stress). I went to a University of Illinois Medical facility (312/996.2901) for details.

No federal gov't information existed on the lunchroom walls either in the basement or 3rd floor employees' lounges. State information regarding Workers Compensation issues was available dated 2005, (not 2006 or 2007).

Charge no.3: (Item 6)

Comcast Human Resources personnel summoned me to work via a 10 day (demand to work or potentially face termination) letter.

I returned to work, following the protocols of the letter but never had a chance to question who would foot the _entire_ medical bills accrued, and also having to maintain that the illness or medical condition was in part job-related and job-manifested.

Charge no.4: (Item 7)

I was a part-time employee from 10/09/2006 to 07/28/2007. There was another part-time employee who started Comcast employment on my same date of hire who was absent on more than 1 occasion over 10 days apiece who was not subjected to a demand to work letter. This salient point is my basis that discrimination existed on the basis of sex, or gender-based discrimination; this is a central part of my legal action against said employer Comcast.

Restitution ( Requested in Complaint, "Demand")

— John D Nelson is seeking 18 months of COBRA or health based benefits for Comcast's (alleged) malfeasance or EEOC improprieties or Illinois Department of Human Rights violations or infractions.

— John D Nelson is seeking full payment of a medical bill ($2,875.00 US dollars) for said violations (alleged).

— John D Nelson is seeking a cash award for Comcast's improprieties, either at the state and/or federal level(s).

— John D Nelson is NOT seeking to regain his employment with Comcast, based on this stressful ordeal and stress that the Comcast Corporation intentionally or unintentionally inflicted upon said former employee.

— The 'cash award' from state or federal legal venues are also based on the idea that companies generally frown upon candidates fired for attendance issues. I want legal documentation that notes that this legal actions blunted the termination action of said former employer Comcast.

Signed,
John D Nelson

9110 S. Paxton Ave.
Chicago IL 60617
773.723.6486

220000375 — former Comcast ID.
Letter to EEOC, et al p 4

JDN