UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN D. NELSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08 CV 697 |
| ) | |
| COMCAST, ) | |
| ) | |
| Defendant. ) | |

## ANSWER TO COMPLAINT

NOW COMES Comcast of Illinois VI, LLC ("Comcast"), misidentified in the Complaint as Comcast, by and through its attorneys, FISHER & PHILLIPS LLP, and in answer to Plaintiff's Complaint states as follows:

1. This is an action for employment discrimination.

ANSWER: Defendant admits that Plaintiff purports to bring an action for employment discrimination.

2. The plaintiff is a citizen of the county of Cook in the state of Illinois.

ANSWER: Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2.

3. The defendant is an employer [*sic*] Comcast Corporation [*sic*] is a commercial telecommunications provider/business, whose street address is 2001 York Rd, Oak Brook, DuPage, IL 60523, (630) 288-1000.

ANSWER: Defendant admits that it provides commercial telecommunications services. Defendant further admits that it maintains a facility located at 2001 York Road, Oak Brook,

Illinois in DuPage County and that the telephone number at that facility is (630) 288-1000. Defendant denies the remaining allegations contained in Paragraph 3.

4. The plaintiff sought employment or was employed by the defendant at 2001 York Rd., Oak Brook, DuPage, IL 60523.

ANSWER: Defendant admits that it employed Plaintiff at its facility located at 2001 York Rd., Oak Brook, IL 60523 in DuPage County.

5. The plaintiff was employed but is no longer employed by the defendant.

ANSWER: Defendant admits the allegations contained in Paragraph 5.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, June, 2007.

ANSWER: Defendant denies the allegations contained in Paragraph 6.

7.1 (a) The defendant is not a federal government agency, and the plaintiff has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

    (i) The United States Equal Employment Opportunity Commission, on or about October 29, 2007.

ANSWER: Defendant is without sufficient knowledge or information to form a belief as to whether Plaintiff filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC") on or about October 29, 2007. Defendant admits the remaining allegations contained in Paragraph 7.1(a)(i).

(b) If charges were filed with an agency indicated above, a copy of the charge is attached. YES. It is the policy of both the Equal Employment Opportunity Commission and the

Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

ANSWER:   Defendant denies that Plaintiff attached a copy of the Charge to his Complaint. Defendant is without sufficient knowledge or information to form a belief as to whether Plaintiff has a reason to believe that the Equal Employment Opportunity Commission and the Illinois Human Rights Department's policy to cross-file claims was not followed in this case. Respondent admits the remaining allegations contained in Paragraph 7.1(b).

8. The United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on November 2007 a copy of which *Notice* is attached to this complaint.

ANSWER:   Defendant admits that the EEOC issued a Notice of Right to Sue. Defendant is without sufficient knowledge or information to form a belief as to when Plaintiff received the Notice of Right to Sue. Defendant denies the remaining allegations contained in Paragraph 8.

9. The defendant discriminated against the plaintiff because of the plaintiff's Disability (Americans with Disabilities Act or Rehabilitation Act), Sex (Title VII of the Civil Rights Act of 1964) (gender)

ANSWER:   Defendant denies the allegations contained in Paragraph 9.

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

ANSWER:   Defendant denies the allegations contained in Paragraph 10.

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 42 U.S.C. § 2000e-5(f)(3); for 42

U.S.C. § 1981 and § 1983 by 42 U.S.C. § 1988; for the A.D.E.A. by 42 U.S.C. § 12117; for the Rehabilitation Act, 29 U.S.C. § 791.

ANSWER:    Defendant admits the allegations contained in Paragraph 11 for jurisdictional purposes only.

    12.    The defendant [*check only those that apply*]

        (b)    terminated the plaintiff's employment;

ANSWER:    Defendant admits the allegation contained in Paragraph 12(b).

        (e)    failed to reasonably accommodate the plaintiff's disabilities;

ANSWER:    Defendant denies the allegation contained in Paragraph 12(e).

        (g)    retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

ANSWER:    Defendant denies the allegation contained in Paragraph 12(g).

        (h)    other (specify): see letter to EEOC, et al [*sic*]; p. 1-4 [*sic*] per John D. Nelson's account.

ANSWER:    Defendant denies the allegations contained in Paragraph 12(h). Defendant further denies the allegations contained in Plaintiff's letter to the EEOC.

    13.    The facts supporting the plaintiff's claim of discrimination are as follows:  See Letter to EEOC, et al [*sic*]; p. 1-4 per John D. Nelson's account.

ANSWER:    Defendant denies the allegations contained in Paragraph 13. Defendant further denies the allegations contained in Plaintiff's letter to the EEOC.

    14.    [*AGE DISCRIMINATION ONLY*] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

ANSWER: Defendant denies that Plaintiff has alleged a claim for age discrimination, or that he can maintain one. Defendant further denies the remaining allegations contained in Paragraph 14.

15. The plaintiff demands that the case be tried by a jury only if compensatory award is compromised or denied.

ANSWER: Defendant denies that Plaintiff has properly requested a trial by jury.

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff:

- (e) Direct the defendant to reasonably accommodate the plaintiff's disabilities.

- (f) Direct the defendant to: reasonably accommodate the plaintiff's rights compromised by said employer (Comcast) and seek health benefits and compensatory award. No rehiring needed by Comcast corporation who medically and emotionally compromised the plaintiff (John D. Nelson). Also see 'Restitution' page 4 under Plaintiff's Letter to EEOC, et al' and Plaintiff's attorney's contribution to this case.

- (g) If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

- (h) Grant such other relief as the Court may find appropriate.

ANSWER: Defendant denies that Plaintiff is entitled to any damages, or that he is entitled to the specific relief sought in the foregoing prayer for relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails in whole or in part to state a cause of action upon which the Court may grant relief.

### SECOND DEFENSE

Plaintiff's claims and/or damages are barred to the extent that he failed to mitigate his damages.

### THIRD DEFENSE

To the extent Plaintiff's claims were not included within an administrative charge of discrimination filed with the EEOC and were neither investigated nor conciliated by the EEOC, Plaintiff has failed to satisfy the conditions precedent to filing an action under Title VII or the Americans with Disabilities Act ("ADA").

### FOURTH DEFENSE

Plaintiff's potential recovery is barred in whole or in part because Defendant exercised reasonable care to prevent and correct promptly any harassing, discriminatory, or retaliatory behavior and Plaintiff unreasonably failed to take advantage of preventative and corrective opportunities provided by Defendant or to avoid harm otherwise.

### FIFTH DEFENSE

Defendant is insulated from liability for alleged discrimination and/or harassment because Defendant has adopted and enforced an anti-discrimination/no-harassment policy, and Defendant neither knew nor had any reason to know of the alleged acts or admissions complained of in this case.

**SIXTH DEFENSE**

Plaintiff's claims are barred to the extent that the acts alleged are in whole or in part outside of the scope of employment.

**SEVENTH DEFENSE**

Plaintiff's claims may be barred by the doctrine of estoppel, unclean hands, and/or laches.

**EIGHTH DEFENSE**

Defendant may not be held liable for any alleged injuries or damages resulting from the effects of Plaintiff's preexisting emotional, psychological, physical conditions, and/or alternative concurrent cause which may not be the result of any act or omission of Defendant.

**NINTH DEFENSE**

To the extent that any action complained of by Plaintiff occurred more than 300 days prior to him filing a charge of discrimination, it cannot form the bases for any relief under Title VII or the ADA.

Defendant may have additional affirmative defenses as yet unknown, but which will be identified through discovery in this matter, and Defendant respectfully reserves the right to assert the same as and when appropriate.

By: /s/ Nesheba M. Kittling
One of the Attorneys for Defendant

Craig R. Annunziata
Nesheba M. Kittling
FISHER & PHILLIPS LLP
140 S. Dearborn Street
Suite 1000
Chicago, IL 60603
Telephone: (312) 346-8061
Facsimile: (312) 346-3179

## **CERTIFICATE OF SERVICE**

  That on July 7, 2008, I electronically filed the foregoing **ANSWER TO COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Camille Cribaro-Mello
Robbins Schwartz Nicholas Lifton & Taylor Ltd.
20 North Clark St.
Ste. 900
Chicago, IL 60602

thereby serving same upon her.

                       /s/  Nesheba M. Kittling